I ¶YELVERTON, Judge,
concurring.
I concur. This is a proper exercise of our authority under La.Code Civ.P. art. 2164, and Hardy v. Kidder and Lamb v. Lamb are appropriately cited.
The purpose of my concurrence is to address specifically the arguments on appeal offered by the defendants and the third-party defendant, American Global Insurance Company, in support of the judgment of dismissal. They urge that the issue on appeal is not whether the trial court was empowered to dismiss the suit with prejudice on its own motion, under La.Code Civ.P. art. 1672, but whether the trial court on remand was required to dismiss, because on remand the defendants moved for dismissal under that article, albeit somewhat belatedly. They also contend that the trial court had implicit authority under La.Code Civ.P. art. 191 to dismiss the suit.
My response to the first argument is that Article 1672, which requires the court to render a judgment | ^dismissing an action upon application of any party when the plaintiff fails to appear on the day set for trial, is inapplicable when both sides conspiratorially fail to appear on the day set for trial. See Fidelity Acceptance Corp. v. Brown, 382 So.2d 1007 (La.App. 1st Cir.1980).
My response to the second argument is that Article 191, which declares that a court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law, did not authorize the trial court to dismiss the suit in the circumstances of this case. The trial judge found as a fact that the original parties decided not to appear on the date set for trial in order to get the continuance which they both wanted but which the recused trial judge had refused to give them. Given this fact, which is not contested by the appellees, fairness dictates that whatever culpability attaches to one side should attach to the other. A wrong was perpetrated on the court, and without doubt Article 191 conferred upon the court the authority to do something about it, but dismissing the plaintiffs case was not the way to correct the wrong. The court had no authority to inflict on the plaintiff the dire consequence of dismissing his ease with prejudice, while at the same time conferring upon the defendants, who were equally culpable, the benefit of winning their case by that dismissal.